IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TELISA DE'ANN BLACKMAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:13-CV-2073-M-BN |
| | § | |
| LORIE DAVIS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**ORDER ACCEPTING IN PART THE FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

After making an independent review of the pleadings, files, and records in this case, the Findings, Conclusions, and Recommendation of the United States Magistrate Judge dated September 20, 2016 [Dkt. No. 87]; the objections filed by Petitioner Telisa De'Ann Blackman [Dkt. No. 89], to which no response was filed; the objections filed by Respondent Lorie Davis [Dkt. Nos. 90 & 91] and Petitioner's response to those objections [Dkt. No. 92], the Court finds that the Findings, Conclusions, and Recommendation of the Magistrate Judge are correct with one exception, and they are accepted in part with the following modification.

As reflected in the Magistrate Judge's analysis, in deciding whether Petitioner has met her burden under 28 U.S.C. § 2244(b)(2)(B)(ii), to show "the facts underlying the [claims presented in her successive habeas application], if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing

evidence that, but for constitutional error, no reasonable factfinder would have found [her] guilty of the underlying offense," the Court's "task is to look to the evidence the jury heard at trial, augmented by evidence [that supports Petitioner's current claims, which evidence could have been used to impeach a prosecution witness, Ms. Cherissa Adams], and then to make 'a probabilistic determination about what reasonable, properly instructed jurors would do,'" *Case v. Hatch*, 731 F.3d 1015, 1039 (10th Cir. 2013) (quoting *House v. Bell*, 547 U.S. 518, 538 (2006) (in turn quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995))).

In support of Petitioner's assessment as to how the evidence at trial would have been different had she had access to the impeachment evidence, Petitioner argued that, had the evidence to impeach Ms. Adams been available to her trial counsel, Petitioner would not have testified. Petitioner also asserted that the jury would not have heard the trial testimony of a Dallas police detective whose testimony was offered as a rebuttal to Petitioner's.

The Magistrate Judge accepted Petitioner's first contention, as to her own testimony, but found that, even if Petitioner had not testified, there was no reason to believe that Detective Robert L. Ermatinger's rebuttal testimony would not have been offered as direct testimony in the State's case-in-chief, "just like Officer [Luis E.] Canales's testimony regarding Blackman moving the body into the apartment." Dkt. No. 87 at 22-24.

While the Court does not accept the finding that the Court should assume that Detective Ermatinger's testimony would have been presented in the State's case-in-

chief had Petitioner not testified, the Magistrate Judge's ultimate conclusion – that Petitioner has failed to carry her burden under Section 2244(b)(2)(B)(ii) and therefore this Court lacks jurisdiction over her successive petition – does not turn on that finding alone. In other words, even if the Court does not accept the particular finding that "there is no reason to believe that [Detective Ermatinger's] testimony would not have come in" during the State's case-in-chief, that testimony would have been cumulative and the Findings, Conclusions, and Recommendation are amply supported.

**IT IS, THEREFORE, ORDERED** that Respondent Davis's Unopposed Motion for Extension of Time to File Objections to the Findings, Conclusions, and Recommendation of the Magistrate Judge [Dkt. No. 88] is **GRANTED**, the Findings, Conclusions, and Recommendation of the United States Magistrate Judge are accepted in part as explained above and the Court **DISMISSES** this successive habeas application for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b)(2), but also **GRANTS** a certificate of appealability as to Petitioner's claims that, during her state murder trial in Dallas County, Texas, the prosecutor withheld exculpatory and material evidence, see Brady v. Maryland, 373 U.S. 83 (1963), and also used false and misleading testimony, see Giglio v. United States, 405 U.S. 150, 153 (1972), and Napue v. Illinois, 360 U.S. 264, 271 (1959).

SO ORDERED this 30 day of November, 2016.

BARBARA M. G. LYNN
CHIEF JUDGE